In re Harry D. KRUG, Debtor.

PEOPLES STATE BANK AND
TRUST CO., Plaintiff,

v.

Harry D. KRUG, Sunflower Bank, N.A.,
Board of County Commissioners of Russell County, Kansas and Johnny Boyd,
Defendants.

Bankruptcy No. 93–41762–12.
Adv. No. 94–7006.

United States Bankruptcy Court,
D. Kansas.

Nov. 14, 1994.

Robert E. Nugent, III, Susan R. Schrag, Wichita, KS, for plaintiff.

Bruce J. Woner, Michelle D. Roberts, Timothy Girard, Topeka, KS, for defendant Krug.

Jerry E. Driscoll, Russell, KS, for defendant Sunflower Bank.

Peter R. Williams, Russell, KS, for defendant Bd. of County Comm. of Russell, Kansas.

Kenneth L. Cole, Russell, KS, for defendant Johnny Boyd.

Eric C. Rajala, Chapter 12 Trustee, Overland Park, KS.

### ORDER GRANTING MOTION TO ALLOW VETERINARIAN TESTIMONY

JULIE A. ROBINSON, Bankruptcy Judge.

This matter comes before the Court pursuant to the Motion to Allow Veterinarian Testimony filed by Peoples State Bank and Trust Co. ("plaintiff") on September 16, 1994. A hearing was held on October 24, 1994, and the Court took the matter under advisement upon the subsequent filing of briefs by the parties. Plaintiff appeared by and through its attorney, Susan R. Schrag. Harry D. Krug ("defendant") appeared by and through his attorney, Michelle Roberts.

Defendant objects to plaintiff's Motion to Allow Veterinarian Testimony on the basis

that the subject of the veterinarian's testimony is privileged information. Plaintiff wants Dr. G. John Thouvenelle to testify and disclose information he obtained in his capacity as the veterinarian of cattle owned by defendant. Dr. Thouvenelle was the treating veterinarian of defendant's cattle for some period of time while the cattle were in defendant's possession. Prior to the bankruptcy, plaintiff repossessed some of defendant's cattle. After plaintiff took possession of the cattle, Dr. Thouvenelle examined and treated them. Plaintiff has also designated Dr. Thouvenelle as an expert witness on the proper care and treatment of cattle.

Defendant has asserted, as a counterclaim and affirmative defense in this adversary proceeding, that plaintiff has lender liability arising out of its negligence in connection with the cattle. Defendant has also objected to plaintiff's proof of claim on the basis that it should be reduced by the diminution in the cattle's value caused by plaintiff's negligent care and treatment. In so doing, the defendant has placed in issue the condition of the cattle and their care and treatment before, during, and perhaps after plaintiff possessed the cattle. Plaintiff intends to present evidence comparing defendant's own practice in caring for the cattle, including the husbandry practices followed in breeding the herd, with the care and treatment afforded the cattle while plaintiff possessed them.

■ Kansas is one of a few states that recognizes a veterinarian-client privilege.[1] K.S.A. 47–839 provides as follows:

**Veterinarian not required to disclose certain information; exceptions; veterinarian releasing information in accordance with section not liable.** (a) Except as otherwise provided under K.S.A. 47–622 and 47–624, and amendments thereto, no veterinarian licensed under the Kansas veterinary practice act shall be required to disclose any information concerning the veterinarian's care of an animal except on written authorization or other waiver by the veterinarian's client or on appropriate court order or subpoena. Any veterinarian's releasing information under written authorization or other waiver by the client or under court order or subpoena shall not be liable to the client or any other person. The privilege provided by this section shall be waived to the extent that the veterinarian's client or the owner of the animal places the veterinarian's care and treatment of the animal or the nature and extent of injuries to the animal at issue in any civil or criminal proceeding.

Defendant argues that the information plaintiff wants to elicit through Dr. Thouvenelle's testimony is privileged information and that defendant is the owner or holder of the privilege and has not waived the privilege. Plaintiff contends that the veterinarian is the owner or holder of the privilege, but if the defendant owns the privilege, he has waived it by placing the condition, care and treatment of the cattle in issue in this bankruptcy proceeding.

There are no Kansas cases construing this statute and no Georgia cases construing the statute upon which the Kansas statute was modeled. However, it is apparent from the language in this statute that the animal's owner and/or the veterinarian's client is the owner of the privilege. In reciting how the privilege can be waived, the statute focuses on the conduct of the owner of the animal or the veterinarian's client, not on the conduct of the veterinarian. The privilege can be waived "on written authorization or other waiver by the veterinarian's client," such as placing the condition of the animal in issue in a civil or criminal proceeding. Absent this type of waiver, the statute prohibits the veterinarian from disclosing privileged information unless he or she is directed to do so by a court order or subpoena, or unless it is the type of information addressed in K.S.A. 47–622 and 47–624, which place a duty on veterinarians to report certain diseases to the state's livestock commissioner.

■ In this case, the defendant owns the privilege, as the owner of the animals. He has placed the condition, care and treatment

---

1. The provisions of the Kansas statute are patterned after the veterinarian-client privilege in the state of Georgia, codified at Ga.Code Ann. § 24–9–29. *See also* Ill.Ann.Stat. ch. 225, para. 115/25.17; Mo Ann.Stat. § 340.286; Tex.Rev. Civ.Stat.Ann. art. 8890, sec. 18E.

of the cattle in issue in this proceeding, and thus, has waived the privilege.

**IT IS THEREFORE ORDERED BY THE COURT** that the Motion to Allow Veterinarian Testimony shall be GRANTED. Dr. Thouvenelle will be permitted to testify about the care, treatment and condition of the defendant's cattle during the time period in which Dr. Thouvenelle treated and examined the cattle on the defendant's behalf. In rendering this decision, the Court is only addressing the issue of the applicability of the privilege to the proffered areas of testimony and is in no way ruling that the evidence is admissible under all other rules of the Federal Rules of Evidence.

IT IS SO ORDERED.